COOPER, WHITE & COOPER LLP
MARCY J. BERGMAN (SBN 75826)
  mbergman@cwclaw.com
VIJAY K. TOKE (SBN 215079)
  vtoke@cwclaw.com
LEILA C. KNOX (SBN 245999)
  lknox@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:    (415) 433-1900
Facsimile:    (415) 433-5530

Attorneys for Defendants BRIAN NUSS and
TWENTY ROWS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNFILTERED NAPA LLC, a California limited liability company and J3 WINE PARTNERS LLC dba NINE NORTH WINES, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>TWENTY ROWS LLC, a California limited liability company, CHRIS SWEETANOS, an individual and BRIAN NUSS, an individual,<br><br>Defendants. | CASE NO. C 06 7605 CRB<br><br>**STIPULATED PROTECTIVE ORDER** |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

IT IS HEREBY ORDERED that:

1. All documents produced in this action, and all information disclosed in discovery responses, depositions or by other means in this action, shall be used only for purposes of this action, and shall not be published, used or made available for use in any commercial or competitive way.

2. Each party may designate as "Confidential" any documents, information or

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

559740.1

STIPULATED PROTECTIVE ORDER

C 06 7605 CRB

testimony disclosed by that party in this action that are proprietary, financial, or a trade secret.

3. Except as otherwise provided below, any documents, information or testimony claimed to be Confidential shall be kept confidential and disclosed only to the named parties, to their officers and employees, to court personnel, to attorneys of record in this case and their office personnel, and to experts retained to testify at or assist in the preparation for trial of this action and who are not regularly employed by any party to this action. All experts, deposition reporters or other third parties who are permitted access to Confidential documents, information or testimony under the terms of this Protective Order, shall agree to be bound by this order by signing a copy of the nondisclosure agreement attached to this order as Exhibit 1.

4. A party may designate highly sensitive confidential information as "ATTORNEYS' EYES ONLY" by adding that legend where appropriate. The receiving party may disclose confidential information designated as "ATTORNEYS' EYES ONLY" only to:

    a. Attorneys of record in this litigation and employees of such attorneys to whom it is necessary that confidential information be disclosed in order to effectuate the attorneys' representation of their respective clients in this action.

    b. Any non-party expert or non-party consultant retained or employed by a party or its attorneys of record concerning the preparation, trial, and appeal including any retrials of this action. Such expert or consultant and his or her secretarial and clerical employees must complete and sign a Confidentiality Statement in the form of Exhibit 1, attached ("Non-Disclosure Agreement").

    c. Witnesses, if the witness authored or received a copy of or otherwise already knows the Confidential Information.

    d. Court reporters and their staff, the Court and any person employed by the Court whose duties require access to confidential information.

If any confidential information designated as "ATTORNEYS' EYES ONLY" is used or inquired into during a deposition, representatives of the receiving party or parties, other than counsel, shall be excused from that part of the deposition. All experts, deposition reporters or other third parties who are permitted access to Confidential documents, information or testimony under the terms of this Protective Order, shall agree to be bound by this order by signing a copy of

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

559740.1

2
STIPULATED PROTECTIVE ORDER

C 06 7605 CRB

1  the nondisclosure agreement attached to this order as Exhibit 1.

2       5.      All documents, information or testimony claimed to be Confidential or Attorneys
3  Eyes Only shall not be used or disclosed in any manner, except for purposes of this action in the
4  manner set forth below. All documents supplied by the parties under a claim of confidentiality
5  and any copies made of Confidential or Attorneys Eyes Only documents shall remain the property
6  of the party disclosing the documents and shall be returned to the disclosing party within twenty
7  days after conclusion of this action, unless otherwise agreed upon in writing by the parties.

8       6.      The parties may agree among themselves that Confidential or Attorneys Eyes Only
9  information may be disclosed to persons other than those described above, but any such agreement
10 must be in writing.

11      7.      If the parties file or lodge with the court or serve on other parties any Confidential
12 or Attorneys Eyes Only documents, information or testimony, or briefs, pleadings and other
13 documents that reveal Confidential or Attorneys Eyes Only information, the documents shall be
14 filed in sealed envelopes that bear the title of the action, a general description of the contents, the
15 word "Confidential" and a statement that the contents are subject to the terms of this Protective
16 Order.

17      8.      If the party receiving Confidential or Attorneys Eyes Only documents, information
18 or testimony disputes the designation of confidentiality, the receiving party may request a release
19 of confidentiality from the disclosing party. If confidentiality is not released in writing within ten
20 days, the receiving party may apply to the court for an order releasing confidentiality.

21      9.      Further pretrial proceedings shall address and govern the treatment at trial of
22 Confidential or Attorneys Eyes Only documents, information or testimony.

23      10.     Where only a portion of a document or deposition transcript contains Confidential
24 or Attorneys Eyes Only material, the discovering party shall cooperate to the extent reasonable
25 and practical to segregate the Confidential or Attorneys Eyes Only portion in a separate document
26 or transcript.

27      11.     Either party may move the court to alter or enlarge this order.
28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

559740.1

3
STIPULATED PROTECTIVE ORDER

C 06 7605 CRB

1  SO STIPULATED:

2  DATED: April 24, 2007

                          O'CONNOR CHRISTENSEN & MCLAUGHLIN
                          Trial Division of the Eclipse Group LLP

                          _/s/ Becky V. Christensen_
                          Becky V. Christensen
                          Attorneys for Plaintiffs Unfiltered Napa LLC and J3
                          Wine Partners LLC dba Nine North Wines

DATED: April 24, 2007

                          COOPER, WHITE & COOPER LLP

                          _/s/ Marcy J. Bergman_
                          Marcy J. Bergman
                          Attorneys for Defendants Twenty Rows LLC and
                          Brian Nuss

DATED: April __, 2007

                          HARVEY SISKIND LLP

                          _____
                          Judith M. Schvimmer
                          Attorneys for Defendant Chris Sweetanos

APPROVED AND SO ORDERED:

DATED: ___May 9___, 2007

                          _____
                          Hon. Charles R. Breyer
                          United States District Judge
                          Northern District of California

*[Seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED, Judge Charles R. Breyer]*

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

559740.1

4
STIPULATED PROTECTIVE ORDER

C 06 7605 CRB